IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEX JEREMY JAY KOBZA,

                  Plaintiff,

v.

WOOD COUNTY JAIL, WISCONSIN
RAPIDS, WI, CAPTAIN ASHBECK,
VICTORIA C/O AND TRANSPORT
DRIVER,

                  Defendants.

OPINION AND ORDER

19-cv-846-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Alex Jeremy Jay Kobza has filed a civil action under 42 U.S.C. § 1983, contending that he was denied prompt medical treatment after being attacked during an inmate transport. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. I conclude that plaintiff may not proceed with his case at this time because his complaint does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing plaintiff's complaint, I will give him an opportunity to file an amended complaint that explains his claims more clearly.

      Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

On September 10, 2018, plaintiff was attacked by another inmate while he and other inmates were being transported in a van from Wood County to Waupaca County. Plaintiff suffered a black and bloody eye, split lip and swollen nose. Plaintiff yelled that he needed medical attention, but the transport driver and Victoria C/O did not respond. Once he arrived in Waupaca County, the transport driver reported that nothing happened, but plaintiff was taken to receive medical attention and pictures were taken of his injuries.

OPINION

Plaintiff contends that defendants violated his constitutional rights by failing to respond promptly to his need for medical treatment after he was attacked by another inmate. Plaintiff's allegations implicate the Eighth and Fourteenth Amendments. It is not clear what standard governs plaintiff's claims, because plaintiff does not specify where he was being detained at the time of the incident and why. Both the Eighth and Fourteenth Amendments impose duties on state officials regarding the safety and well-being of individuals in their custody.

If plaintiff was serving a sentence as a convicted prisoner at the time of the incident, his claim is governed by the Eighth Amendment. The Eighth Amendment "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official violates the Eighth Amendment if the

official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials are aware that the prisoner faced a substantial risk of serious harm or "'excessive risk to [the prisoner's] health or safety,'" but disregard the risk by consciously failing to take reasonable measures to prevent it. Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

The Fourteenth Amendment applies to claims brought by pretrial detainees, who are not convicted prisoners, and prohibits any type of punishment against pretrial detainees. Youngberg v. Romeo, 457 U.S. 307, 320 (1982); Bell v. Wolfish, 441 U.S. 520, 535 (1979). Under this standard, a detainee plaintiff need not prove the defendant's subjective state of mind; he need show only that the defendant's actions were "objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015); Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). This means that jail officials must respond reasonably to the needs of prisoners.

Plaintiff's allegations are somewhat difficult to follow, but they do not appear to support a claim under either the Eighth or Fourteenth Amendment against any defendant. He alleges that another inmate attacked him during a transport, but he does not allege that any defendant knew that the inmate was going to attack him or that any defendant was responsible for causing plaintiff's injuries. He alleges that neither the transport driver nor Victoria C/O, whom I presume is a correctional officer, gave him immediate medical

3

treatment.  However, he alleges that he received medical treatment when he arrived in Waupaca County, and he does not allege that he needed emergency medical treatment that would have justified stopping the inmate transport van in the middle of the trip.  He also states that defendants should have been more sympathetic to his injuries, but defendants' lack of sympathy does not amount to a constitutional violation.

Because plaintiff's allegations are somewhat difficult to follow, it may be that I have misunderstood his allegations about the underlying incident.  Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights.  Additionally, the complaint must contain enough allegations of fact to support a claim under federal law.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  Plaintiff's complaint does not meet this standard, but I will give him the opportunity to clarify his claims and include the allegations that are missing.

If plaintiff chooses to file an amended complaint, he should keep it short and to the point and draft it as if he were telling a story to people who know nothing about his situation.  In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- Where was plaintiff incarcerated at the time of the incident?
- Was plaintiff a convicted prisoner at the time?
- Who is Victoria C/O?

- Where were the transport driver and Victoria C/O located at the time plaintiff was attacked by another inmate?

- What does plaintiff think Victoria C/O and the transport driver should have done after he was attacked?

- What type of medical treatment did plaintiff receive after he arrived in Waupaca County?

- Why does plaintiff think Captain Ashbeck and Wisconsin Rapids should be held liable?

If plaintiff's amended complaint satisfies Rule 8 of the Federal Rules of Civil Procedure, I will consider the merits of his claim.

ORDER

IT IS ORDERED that plaintiff Alex Jeremy Jay Kobza's complaint is DISMISSED without prejudice for its failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until January 9, 2020, to file an amended complaint that clarifies his claims and complies with the rules set forth above. If plaintiff does not submit an amended complaint by January 9, 2020, I will enter an order dismissing this case for failure to state a claim upon which relief may

be granted.  I will also issue a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered this 19th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge